# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 21-14V

|  |  |
|---|---|
| RENEE STIDD, | Chief Special Master Corcoran |
| Petitioner, | Filed: February 28, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Zoe Wade, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On January 4, 2021, Renee Stidd filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – a shoulder injury related to vaccine administration ("SIRVA") - as a result of her receipt of the flu vaccine on October 29, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. Although entitlement was conceded, the parties could not informally resolve the issue of damages, and therefore they were ordered to file briefs setting forth their respective arguments, to be resolved via an expedited "Motions Day" hearing, which took place on February 28, 2025.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner seeks an award of $140,000.00 in compensation for Petitioner's actual pain and suffering, while Respondent recommends an unspecified lower amount is appropriate**.** (Pain and suffering was the only damages element in dispute at the hearing).[3]

At the hearing, I issued an oral ruling on damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A). An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. As discussed during my oral ruling, in another recent decision I discussed at length the legal standard to be considered in determining damages and prior SIRVA compensation within SPU. I fully adopt and hereby incorporate my prior discussion in Sections I and II of *Yodowitz v. Sec'y of Health & Hum. Servs.,* No. 21-0370V, 2024 WL 4284926, at *1-3 (Fed. Cl. Aug. 23, 2024) to the instant ruling and decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my decision awarding damages herein.

Based on my consideration of the complete record as a whole and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A), **I find that $130,000.00 represents a fair and appropriate amount of compensation for Petitioner's actual pain and suffering.[4] I also find that Petitioner is entitled to $7,423.22  in actual unreimbursable expenses and $3,076.08 for lost wages.**

Accordingly, **I award Petitioner a lump sum of $140,499.30 (representing an award of $130,000.00 for pain and suffering, $7,423.22 in actual unreimbursable expenses, and $3,076.08 for lost wages) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** This amount represents compensation for all damages that would be available under Section 15(a).

---

[3] The parties did, however, agree to an award of $7,423.22 for unreimbursed medical expenses, and $3,076.08 for lost wages. Both sums are included in my Decision.

[4] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.