# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-0014V

|  |  |
|---|---|
| RENEE STIDD, | Chief Special Master Corcoran |
| Petitioner, | Filed: June 11, 2025 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 4, 2021, Renee Stidd filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – a shoulder injury related to vaccine administration ("SIRVA") - as a result of her receipt of the flu vaccine on October 29, 2020. Petition at 1. On February 28, 2025, I issued a decision awarding damages to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF No. 45.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $29,601.25 (representing $28,402.70 for fees and $1,198.55 for costs). Petitioner's Application for Attorneys' Fees, filed Mar. 26, 2025, ECF No. 49. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on June 7, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 53. Petitioner has not filed a reply.

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations, and will therefore be adopted.

I also note this case required additional briefing regarding damages. *See* Petitioner's Brief in Support of Damages, filed June 12, 2023, ECF No. 39; Petitioner's Reply Brief in Support of Damages, filed Aug. 29, 2023, ECF No. 41; Minute Entry, dated Feb. 28, 2025 (for February 28, 2025 expedited hearing). Petitioner's counsel expended approximately 9.8 hours drafting the damages brief, and 4.2 hours drafting the responsive damages brief, for a combined total of 14.0 hours. ECF No. 49 at 15-16. I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs, ECF No. 49 at 18-31. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 53. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$29,601.25 (representing $28,402.70 for fees and $1,198.55 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master